[Cite as *Coleman v. Cuyahoga Cty. Dept. of Health & Human Servs.*, 2013-Ohio-3811.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99325

# JAMES S. COLEMAN

PLAINTIFF-APPELLANT

vs.

# CUYAHOGA COUNTY DEPARTMENT
# OF HEALTH AND HUMAN SERVICES

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-790534

**BEFORE:** Stewart, A.J., Keough, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 5, 2013

**ATTORNEY FOR APPELLANT**

Kimberly Kendall
4403 St. Clair Avenue
Cleveland, OH    44103


**ATTORNEYS FOR APPELLEE**

Donald C. Bulea
Giffin & Kaminski, L.L.C.
1300 East 9th Street, Suite 1600
Cleveland, OH    44114

Majeed G. Makhlouf
Law Director

BY: Amy E. Marquit Renwald
Assistant Law Director
Cuyahoga County Department of Law
1219 Ontario Street, 4th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} This accelerated-calendar appeal, brought pursuant to App.R. 11.1 and Loc.R. 11.1, raises an issue concerning the scope of a court of common pleas review of an administrative employment suspension under R.C. 2506.04. Appellee Cuyahoga County of Department of Health and Human Services, Employment Division (the "department") terminated employee-appellant James Coleman after he admitted to allowing non-authorized personnel to access his computer and unique user identification code. The Cuyahoga County Human Resources Commission (the "commission") modified the termination to a 15-month suspension. Coleman's sole issue on administrative appeal to the court was that the length of his suspension was unreasonable because there were mitigating circumstances for his conduct, and that the length of his suspension was arbitrarily dictated by the delay caused in establishing a new human resources commission following the reformation of county government. The court ruled that "the issue as to whether appellant's suspension was unreasonably long is outside the purview of this court's review," found that the evidence supported the commission's decision to convert the termination into a suspension, and affirmed.

{¶2} Coleman argues that the court applied the wrong standard of review and erred by concluding that it could not review the length of the suspension. He maintains that the court should have weighed all of the evidence, most importantly his evidence in mitigation of his conduct.

**{¶3}** This administrative appeal is governed by R.C. 2506.04. Our review of an R.C. 2506.04 appeal is limited solely to questions of law, not the weighing of any facts or evidence. *Henley v. Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). As a matter of law, the trial court's review of an administrative appeal includes the authority to "affirm, reverse, vacate, or modify" the order or decision being appealed if that order is, among other things, illegal, arbitrary, capricious, or unreasonable. *See* R.C. 2506.04.

**{¶4}** The court's judgment entry states in relevant part:

> The court has reviewed appellant's brief and assignments of error, appellee's brief, appellant's reply, and the certified record. Based upon the statutory standard, the issue as to whether appellant's suspension was unreasonably long is outside the purview of this court's review. The court finds that the evidence supports the commission's decision to convert appellant's permanent employment termination to a 15-month suspension. The commission's decision as to the length of the suspension is affirmed.

**{¶5}** The court answered a question that no one raised and did not answer the single question that was raised. It unnecessarily decided that the commission did not err by converting the termination into a suspension. Coleman raised no argument that the commission erred by converting his termination into a suspension, nor would he have been expected to make that argument given the obvious benefit he derived from the conversion. The discussion involving the propriety of converting the termination into a suspension was unnecessary.

**{¶6}** The court did not answer the question presented — whether the commission abused its discretion by making the suspension last for 15 months — because the court

determined that it lacked the authority to review or take any action with regard to the length of Coleman's suspension. This was erroneous as a matter of law.

{¶7} As the department concedes, R.C. 2506.04 specifically authorizes the court to modify an administrative decision. The court's authority to modify an administrative decision necessarily extends to determining whether the length of a disciplinary suspension is arbitrary or unreasonable.

{¶8} Coleman argued that there were mitigating circumstances that prompted his conduct and that the 15-month suspension was arbitrary because it directly correlated to the amount of time it took the newly-established commission to hear his appeal — in essence, he argues that the suspension was the administrative equivalent of "time served" but not based on his conduct, but on the length of the delay in hearing his appeal. Had the court believed it was allowed to consider these factors, it may well have concluded that the length of the suspension was arbitrary and that it should exercise its discretion to modify the length of the suspension.

{¶9} The department argues that despite stating that it could not review the length of Coleman's suspension, the court nonetheless held that "the commission's decision as to the length of appellant's suspension is affirmed." This language, argues the department, shows that the court considered the conversion of the termination into a suspension to be reasonable, so it had no need to decide whether the length of the suspension was reasonable.

**{¶10}** With the court stating that the length of Coleman's suspension was beyond its purview, we believe that the language it used to affirm the commission's modification of the termination was nothing more than that — an affirmance of the order converting the termination into a suspension. Unlike the department, we do not believe that the court's order could plausibly be read as expressing any conclusion as to the length of that suspension. To view the court's language as suggested by the department, would lead to our affirming the holding in which a court says that it has no authority to review the length of the suspension, but does so anyway.

**{¶11}** The department's argument also fails because it presumes that any finding regarding the validity of a suspension obviates the need to consider the length of a suspension. This case is akin to one where a party contests damages, but not liability. We would not say that, because a court determined that liability was established it thus foreclosed any need to consider whether damages were reasonable. For our purposes, Coleman's suspension was the same as a finding of liability; the length of the suspension the same as damages. As we noted, Coleman did not challenge the commission's decision to convert his termination into a suspension and was only contesting the length of the suspension. The court stated that "the issue as to whether appellant's suspension was unreasonably long is outside the purview of this court's review." We cannot imagine a clearer indication that the court refused to consider the length of the suspension.

**{¶12}** This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR